SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAR 31 2016
ARTHUR JOHNSTON
BY ______ DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,**

**Plaintiff,**

**v.**

**HALLIBURTON ENERGY SERVICES, INC. and BOOTS & COOTS, LLC d/b/a BOOTS AND COOTS SERVICES**

**Defendants.**

**CIVIL ACTION NO.** 3:16-cv-233 CWR-FKB

**COMPLAINT**

**JURY TRIAL DEMANDED**

**NATURE OF THE ACTION**

Plaintiff, the United States Equal Employment Opportunity Commission (the "Commission"), brings this action to compel Defendants, Halliburton Energy Services, Inc. and Boots & Coots, LLC d/b/a Boots & Coots Services (collectively "Defendants") to comply with a Mediation Settlement Agreement reached between the Commission, Defendants, and the Charging Party, Jason R. Anderson, and to provide appropriate relief to Anderson. Specifically, on February 4, 2014, the Commission, Defendants, and Anderson entered into a Mediation Settlement Agreement in settlement of EEOC Charge No. 423-2014-00010, filed by Jason R. Anderson against Defendants. The Commission alleges that Defendants breached the Mediation Settlement Agreement when they failed to abide by the terms of the agreement, as alleged with greater particularity below.

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, *as amended,* ("ADA"), 42 U.S.C. §12117(a), which

incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged below were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Mississippi, Northern Division.

**PARTIES**

3. Plaintiff is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f) (1) and (3) of Title VII, 42 U.S.C. §2000e-5(f) (1) and (3).

4. At all relevant times, Defendants have continuously been Delaware entities doing business in the State of Mississippi and within the Northern Division of the Southern District of Mississippi, and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5); and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendants have been covered entities within the meaning of Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

**STATEMENT OF CLAIMS**

7. More than thirty days prior to the institution of this lawsuit, Jason R. Anderson filed a charge with the Commission alleging violations of Title I of the ADA, 42 U.S.C. § 12101 *et seq*. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. After receipt of Anderson's charge, Defendants voluntarily accepted the Commission's offer to mediate the charge allegations, pursuant to the Commission's Alternative Dispute Resolution ("ADR") program. On or about January 14, 2014, mediation, conducted by a representative of the Commission's Jackson Area Office, was held by the Commission. Anderson and a representative of Defendants participated in the mediation.

9. As a result of the mediation, the Commission, Defendants, and Anderson entered into a Mediation Settlement Agreement dated February 4, 2014. A true and correct copy of the Mediation Settlement Agreement is attached to this complaint as Exhibit A.

10. Paragraph 5 of the Mediation Settlement Agreement states, in part, "This document constitutes a final and complete statement of the entire agreement between the parties, Charging Party, Respondent, and the EEOC." Paragraph 7 of the Mediation Settlement Agreement provides, in substance, in pertinent part:

> A) Defendants shall hire Anderson as a Project Specialist-Safeguard III; BC503-ESG or comparable position based on successful employment screening; and
>
> B) Defendants shall pay Anderson a base salary of $100,000 per year plus additional premium pay based on the country in which he is assigned to work.

Paragraphs 1 and 2 of the Mediation Settlement Agreement provided that, in exchange for these promises made by Defendants and Anderson in the Mediation Settlement Agreement, the Commission agreed not to institute a lawsuit against the Defendants under any statute enforced by the Commission based on the underlying EEOC charge, and that submission of the Mediation Settlement Agreement to the Commission constituted a request for closure of the charge.

11. On February 26, 2014, pursuant to the Mediation Settlement Agreement, Defendants gave Anderson a written conditional offer of employment for the position of

Prevention Specialist III-BC503ESG, with an anticipated start date of April 1, 2014. Anderson signed the employment agreement on March 3, 2014.

12. Defendants' offer was conditional upon Anderson successfully completing a physical examination. On March 14, 2014, Charging Party submitted to a medical examination by Defendants' medical provider and was cleared to work onshore and offshore in areas where medical resources are not limited.

13. Despite Anderson's compliance with all terms of the Mediation Settlement Agreement, Defendants notified Anderson on June 19, 2014 that Defendants would not hire him for any position.

14. Defendants failed to abide by the terms of the Mediation Settlement Agreement by failing and refusing to hire Anderson as agreed upon. Defendants' action constitutes a breach of the Mediation Settlement Agreement.

15. The Mediation Settlement Agreement, in paragraph 6, provides that the Mediation Settlement Agreement may be specifically enforced in court by the Commission and the document itself "may be used as evidence in subsequent proceedings in which a breach of this agreement is alleged."

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Order Defendants to comply with the Mediation Settlement Agreement entered into by the Commission, Defendants, and Anderson on February 4, 2014 by instating Anderson to the position of Project Specialist-Safeguard III BC503-ESG or comparable position with a base salary of $100,000 per year, plus additional premium pay based on the country selected for his assignment.

B. Order Defendants to make Anderson whole by providing to him appropriate back pay with prejudgment interest, in amounts to be determined at trial.

C. Order Defendants to make Anderson whole by providing compensation for past and future pecuniary losses resulting from its breach of the Mediation Settlement Agreement, including, but not limited to, job search expenses, medical expenses, health and retirement benefits, in amounts to be determined at trial.

D. Grant such further relief as the Court deems necessary and proper in the public interest.

E. Award the Commission its costs in this action.

**JURY TRIAL DEMAND**

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated this the 31st day of March, 2016.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

C. Emanuel Smith

C. EMANUEL SMITH (MS 7473)
Regional Attorney

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000

1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2045
Fax: (205) 212-2041
emanuel.smith@eeoc.gov

ATTORNEY FOR PLAINTIFF