## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 3:16-cv-0233-CWR-FKB |
| HALLIBURTON ENERGY SERVICES, INC. | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND EXCLUDE DEFENDANT'S SECOND SUPPLEMENTAL INITIAL DISCLOSURE WITNESSES

The Court should exclude the additional witnesses, Andre Erasmus ("Erasmus") and James Kopecki ("Kopecki"), identified in Defendant's Second Supplemental Initial Disclosures[1] from providing evidence on any motion, at a hearing, or at trial of this case on behalf of Halliburton Energy Services ("Defendant" or "Halliburton") in this case. Without providing any justification for its delay, Defendant waited until the discovery cutoff deadline to disclose two witnesses, Erasmus and Kopecki, through its Second Supplemental Initial Disclosures ("Supplemental Disclosures"), which Defendant served on August 29, 2017. Defendant supplemented its initial disclosures on the same day discovery closed and after the Equal Employment Opportunity Commission ("Plaintiff" or "the Commission") had deposed Defendant's previously disclosed witnesses. The Commission was deprived of any opportunity to conduct discovery concerning the knowledge of Erasmus and Kopecki regarding this case. In

---

[1] Defendant's Second Supplemental Initial Disclosures, attached hereto as Exhibit A.

sum, Defendant's Supplemental Disclosures are untimely, should be stricken, and Erasmus and Kopecki should not be permitted to testify regarding any matter in this litigation.

## I.   BACKGROUND

### A.  Nature of the Case

The Commission brings this action under Section 107(a) of the Americans with Disabilities Act of 1990, as amended, ("ADA"), 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a., against Halliburton for specific performance and damages resulting from Halliburton's breach of a Mediation Settlement Agreement entered into between the EEOC, Halliburton, and Jason Anderson ("Anderson") to settle Anderson's ADA and Age Discrimination in Employment ("ADEA") Charge of Discrimination.

### B.  Procedural Background

The Commission initiated this litigation on March 31, 2016. (Doc 1). The Parties' initial deadline for all discovery was June 30, 2017. (Doc. 23) The Court entered multiple amended scheduling orders, but the ultimate deadline for  the Commission and Defendant to complete all discovery  was August 29, 2017. (Text Order: 4/28/17) Both parties have conducted substantial discovery in this matter. Defendant served its initial disclosures on August 4, 2016 and the Commission served its initial disclosures on August 23, 2016. The Parties have propounded and responded to Interrogatories, Requests for Production, and Requests for Admission, and have produced more than 2,000 pages of documents. The Parties deposed six witnesses.

Defendant's Supplemental Initial Disclosures, produced on August 29, 2017, the date discovery closed, for the first time disclosed Erasmus and Kopecki as potential witnesses Defendant may call who may have knowledge regarding the facts and allegations in this matter.

## II.   LEGAL STANDARD

Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure dictates that a party must, without awaiting a discovery request, provide to the other parties:

(i)     the name, and if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses ...

Rule 26(a)(1)(c) requires that these disclosures be made within 14 days after the parties' Rule 26(f) conference, and Rule 26(e)(1)(A) specifies that a party must supplement its disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect ...."

Further, Rule 37(c)(1) of the Federal Rules of Civil Procedure provides:

**(c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.**
**(1) *Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Here, Defendant supplemented its initial disclosures on the date discovery closed. Defendant's disclosure would prejudice the EEOC if testimony from Erasmus or Kopecki is allowed. Courts have looked to Fed. R. Civ. P. 26(e)(1)(A), which provides for supplementing disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response in incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The basic reason for this rule is to prevent prejudice and surprise. *Brower v. Staley, Inc.*

306 Fed. Appx. 36, 39 (5th Cir. 2008) citing *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

The Uniform Local Civil Rules of this district make clear that a party has a duty to supplement disclosures "in no event later than the discovery deadline established by the case management order." U.L.Civ.R. 26(a)(5). *Walton v. University of Mississippi*, 2013 WL 12180429, at *2 (N.D. Miss. May 17, 2013). This provision does not allow a party to hide a known witness from the opposing party and wait, for no reason, until the close of discovery to disclose the witness. Such supplementation is not done "in a "timely manner" as required by Rule 26(e)(1). Allowing such a practice would deprive the opposing party of the opportunity to depose the witness and prejudices the opponent. Not having realized that a piece of evidence or a witness may be important to the case is not "just cause" for allowing late disclosures. *Id.*

Under Rule 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." In evaluating whether a party's failure to disclose is harmless, the following factors are considered: (1) the explanation for the party's failure to disclose; (2) the potential prejudice to the opposing party if the evidence is allowed; (3) the availability of a continuance to cure such prejudice; (4) the importance of the evidence. *CQ, Inc. v. TXU Mining Co., L.P.,* 565 F.3d 268, 280 (5th Cir. 2009). The discovery rules are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Discovery has "ultimate and necessary boundaries," *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)(quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)), and it is well established that the district court has wide discretion in

establishing the confines of discovery. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir.2000).

Courts have granted motions to strike in many cases where a party has disregarded the rubrics of discovery. For example, in *Pratt v. Pharmnet, Inc.*, 2006 WL 2943296 (N.D. Miss. Oct. 13, 2006), the Northern District of Mississippi granted a motion to strike pretrial exhibits and witnesses and supplementation of discovery. *See also Helen of Troy, L.P. v. Zotos Corp.*, 235 F.R.D. 634 (W.D. Tex. 2006)(motion to strike evidence in opposition to motion for summary judgment granted); *Doyle v. Gonzales*, 2011 WL 2607167 (E.D. Wash. July 1, 2011)(motions to strike declarations relating to motion for protective order granted); *Humes v. EMF Corp.*, 2011 WL 2225047 (N.D. Ill. June 3, 2011)(motion to strike portions of affidavit opposing motion for summary judgment granted); *National Wildlife Federation v. National Marine Fisheries Service*, 2005 WL 878602 (D. Ore. 2005)(motion to strike declaration in support of motion for summary judgment granted); *Nunnery v. Sun Life Financial Distributors Inc.*, 570 F. Supp. 2d 989 (N.D. Ill. April 18, 2008)(motion to strike statement of facts in support of motion for summary judgment granted).

As is set forth below, during discovery, Defendant failed to timely identify and supplement Erasmus and Kopecki as witnesses. Rule 37 mandates exclusion of these witnesses for Defendant's failure to timely disclose them.

### III.    ARGUMENT

**A. Defendant should be barred from supplying any evidence on a motion, at a hearing, or at a trial regarding Erasmus and Kopecki because they were not timely supplemented as potential witnesses.**

Erasmus and Kopecki were disclosed as witnesses Defendant may call on the final day for discovery. Specifically, Defendant did not identify these witnesses in its initial disclosures[2]. Plaintiff also asked Defendant a year ago to identify any persons who may have knowledge regarding this lawsuit in its interrogatories to Defendant[3]; yet, Defendant failed to identify Erasmus or Kopecki prior to August 29, 2017. These last-minute witness supplementations, which caused surprise and prejudice to Plaintiff, were not timely produced in any of Defendant's previous supplementations or in the course of discovery and should not be used as evidence by Defendant in any motion or at the trial of this case.

### 1. Defendant Cannot Provide Any Plausible Explanation for Its Untimely Disclosure of Erasmus and Kopecki

Courts have found sufficient explanation in cases involving developments in applicable law and when new facts become known through depositions and document production while the case is pending. *See Settlement Capital Corp., Inc. v. Pagan*, 649 F.Supp.2d 545, 566–67 (N.D.Tex.2009); *Roessner v. Employee Term Life*, 589 F.Supp.2d 174, 177–78 (D.Conn.2008). Courts in the Fifth Circuit have not found sufficient explanation when a scheduling mistake caused a missed deadline, a party misunderstand a statute, or a party did not understand the scheduling order. *See e.g., Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990)(a scheduling mistake in counsel's office was not a "satisfactory explanation for which relief may be granted."); *Sun River Energy, Inv. v. McMillan*, No. 3:13–CV–2456–D, 2014 WL 4771852, at

---

[2] Defendant's Initial Disclosures Under Fed. R. Civ. P. 26(a), attached hereto as Exhibit B.
[3] Response to First Set of Interrogatories to Defendant, attached hereto as Exhibit C.

*4 (N.D.Tex. Sept. 25, 2014)("misunderstanding of the law, however, constitutes mere inadvertence, which is tantamount to no explanation at all.")(internal quotation marks omitted). A district court does not abuse its discretion where it "refus[es] to give ineffective litigants a second chance to develop their case." *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 258 (5th Cir.1997).

Here, Defendant did not seek leave to make its untimely disclosure and has provided no justification whatsoever for its delay, nor could there be any. Erasmus and Kopecki are both employed with Halliburton, and have been at all times since before this lawsuit was filed. Moreover, even if delays beyond the control of counsel hampered their ability to timely disclose these witnesses, Defendant has provided no explanation for its failure to file a motion seeking an extension of the district court's deadline. *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380, 381 (5th Cir.1996). Although the Commission is sensitive to unexpected personal or professional circumstances that may happen to counsel, these circumstances do not and cannot justify a disregard of the power of federal courts and the rights of opposing parties, both of which are embodied in the federal rules, the local rules, and court orders. *Bradley v. United States*, 866 F.2d 120, 125 (5th Cir.1989).

Defendant cannot possibly provide any plausible explanation for waiting to disclose Erasmus and Kopecki as potential witnesses on the last day for supplementation of discovery. Nor could there be any valid basis to circumvent its obligation under Rule 26 to timely supplement disclosures.

### 2. Defendant's Untimely Supplementation Would Prejudice the Commission

Defendant's untimely disclosure of Erasmus and Kopecki has prejudiced the Commission, because it has deprived it of any meaningful opportunity to conduct discovery

concerning the knowledge of each witness[4]. Defendant's failure to timely disclose these witnesses is harmful, and the introduction of the same would be highly prejudicial to Plaintiff. *See Reliance*, 110 F.3d at 257-58. Allowing Plaintiffs to disclose such potential witnesses at this juncture would prejudice the Commission's motion and trial preparation and could potentially disrupt the Court's scheduling orders. *Id*. at 257–58 (where plaintiff attempted to supplement an expert's report two months from the final pretrial conference, the district court had the discretion to deny the request to supplement); *Sierra Club v. Cedar Point Co., Inc* ., 73 F.3d 546, 573 (5th Cir.1996) (where party who had not complied with Rule 26 provided more detailed information in a supplemental report approximately two months before trial, the delay would have likely prejudiced the opposing party).

Defendant's conduct has put the Commission at a distinct disadvantage in preparation for any dispositive motion, hearing, or at trial. *Bradley*, 866 F.2d at 125.   Plaintiff would have conducted additional discovery regarding these witnesses had it known Defendant intended to use the knowledge of these witnesses in a motion, at a hearing, or at trial. The Commission was prejudiced because it had no opportunity to depose Erasmus and Kopeck. By the time Erasmus and Kopecki were disclosed as potential witnesses, no further depositions were possible because discovery had closed. There can be no question that Defendant's delay in disclosing these witnesses disrupted the Commission's preparation of the case. *Barrett*, 95 F.3d 375 at 381. Again, it is important to remember that Plaintiff had asked for this information in the beginning of the discovery period, and Defendant did not disclose the same. If it was Defendant's intent to use these witnesses, it should have fairly put Plaintiff on notice that it planned to introduce this

---

[4] If Defendant intends to call Erasmus or Kopecki as expert witnesses at trial, then the Commission lacks the opportunity to depose each witness regarding their knowledge of expertise. Defendant's expert witness disclosure did not disclose either person as an expert it intends to call.

evidence. As such, their potential testimony should be excluded.

### 3. A Continuance Would Further Delay Proceedings and Prejudice the Commission

A continuance would also result in additional delay, increase the expense incurred by all parties to this lawsuit, and require the expenditure of further Court resources. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 880, 883 (5th Cir. 2004)(citing *Geiserman*, 893 F.2d at 792); *see also Barrett*, 95 F.3d at 380-381. Moreover, the possibility of a continuance must be counterbalanced by the additional delay and increased expense that would result. *See Hamburger*, 361 F.3d at 883 ("[b]ecause of a trial court's need to control its docket, a party's violation of the court's scheduling order should not routinely justify a continuance")(citing *Geiserman*, 893 F.2d at 791). Additionally, a continuance would not deter such dilatory behavior in the future. *See Barrett*, 95 F.3d at 381. Indeed, "a continuance does not in and of itself, 'deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders.'" *Id.* (citing *Geiserman*, 893 F.2d at 792); *see also Sierra Club*, 73 F.3d at 573 (quoting *Bradley*, 866 F.2d at 126).

The prejudice the Commission has suffered cannot be cured by a continuance, because allowing the untimely disclosure would require the EEOC to depose these witnesses, would jeopardize the April 4, 2018 trial date, and increase the parties' costs. (Text Order 8/15/17) Defendant had ample opportunity to disclose these witnesses, and any further continuation of this matter would only serve to further prejudice defendants. *See Paz v. Bush Engineered Materials, Inc*, 555 F.3d 383 (5th Cir. 2009)(holding that introduction of previously undisclosed exhibits would materially prejudice the defendants because it could lead to a continuance, which would result in further delay and expense in defending the lawsuit.).

A continuance will not cure the prejudice the Commission suffered as a result of Defendant's untimely supplementation. A continuance would require re-opening discovery and a new scheduling order, which would further delay proceedings and prejudice the Commission. Finally, a continuance would neither punish Defendant for its conduct nor deter similar behavior in the future. *Bradley*, 866 F.2d at 125.

### 4.   The Testimony of Erasmus or Kopecki Is Not Important

The importance of a witness's testimony "'cannot singularly override the enforcement of local rules and scheduling orders.'" *Geiserman*, 893 F.2d at 791; see *Barrett*, 95 F.3d at 381. As to this factor, the Fifth Circuit has stated that "the importance of proposed testimony cannot 'singularly override the enforcement of local rules and scheduling orders'." *Hamburger*, at 883, citing *Geiserman*, at 792.

The alleged knowledge of Erasmus and Kopecki appears to be merely cumulative and therefore, unimportant. It is not clear what knowledge Erasmus or Kopecki would specifically offer in a motion, at a hearing, or at trial. Their names were not mentioned in any of the depositions or even cited in any documents submitted by the Commission or Defendant.

If the alleged knowledge of Erasmus or Kopecki were important, these witnesses would have been mentioned by the key decision-makers in this case. Defendant has admitted that Dr. Robert Conte ("Dr. Conte"), Chief Medical Review Officer for Halliburton; Ellen LeBlanc ("LeBlanc"), Manager of Global Benefits with Halliburton; Ellen Graffeo ("Graffeo"), Global Human Asset Manager for the Boots & Coots Product Service Line Division of Halliburton; and Rebecca Oliver ("Oliver"), Senior Employee Relations Representative, all played substantial roles in its decision not to re-hire Anderson. The EEOC deposed all of these witnesses. None of

them mentioned Erasmus or Kopecki. In fact, Dr. Conte specifically stated in his deposition that his decision not to grant medical clearance for Anderson to work in Basra, Iraq was based on his own "knowledge of what was the working environment, and I went on my knowledge of the resources that I knew would be there, based on my previous discussions over the years with International SOS[5]."

Defendant's Supplemental Disclosures state that Erasmus "has information regarding the medical services available to Halliburton employees in Iraq[6]." However, Defendant previously disclosed information regarding International SOS ("ISOS"), the vendor Defendant uses for medical services for its employees in Iraq, in its First Supplemental Responses to Plaintiff 's Second Set of Requests for Production of Documents to Defendant Halliburton Energy Services, Inc. produced on May 12, 2017[7]. Erasmus, as a potential witness, is not mentioned anywhere in this supplementation. Further, Ellen LeBlanc provided detailed information regarding the medical services available to Halliburton employees in Iraq in her deposition held on June 27, 2017[8]. Specifically, LeBlanc demonstrated her knowledge regarding the personnel onsite, medical services available in Iraq, Defendant's contract with ISOS, equipment, clinic locations in Iraq, and how it pertains to the case at hand. *Id.* Thus, any testimony Erasmus has to offer could not be as substantial as the testimony previously provided.

Similarly, Defendant states in its supplementation that Kopecki will provide information "relating to any conversations, or lack thereof, he may have had with Jason Anderson regarding

---

[5] Dr. Robert Conte Deposition, pp. 42:5-43:15, 4/11/2017, hereto attached as Exhibit D
[6] Exhibit A
[7] First Supplemental Responses to Plaintiff 's Second Set of Requests for Production of Documents to Defendant, hereto attached as Exhibit E
[8] Ellen LeBlanc (30(b)(6) Deposition, pp. 57:2-67:24, 6/27/2017, hereto attached as Exhibit F.

job opportunities with Halliburton"[9]. However, Defendant should have been fully aware of witnesses who had conversations with Anderson about job opportunities well before the close of discovery. In fact, Graffeo testified in detail about the conversations she had with Anderson about potential job opportunities in her deposition held on June 6, 2017[10]. Graffeo mentioned specific persons she spoke with and even particular managers over certain divisions that she spoke with about potential job opportunities. Graffeo never mentioned Kopecki.

Defendant does not need information from Erasmus or Kopecki to support its case. In fact, neither name was mentioned in discovery prior to Defendant listing them in its Second Supplemental Disclosure on the day of the discovery cutoff deadline. Serious doubt exists regarding the significance of the alleged knowledge of Erasmus and Kopecki since neither were mentioned in any deposition. Had the alleged knowledge either proposed witness intended to offer been material, Defendant should have, and surely would have, disclosed Erasmus and Kopecki long before the discovery deadline. The uncertainty regarding the alleged knowledge precludes Defendant from labeling it important to any issue in this cause.

## IV.  CONCLUSION

The Commission was prejudiced by Defendant's untimely supplementation. The Commission was deprived of the opportunity to conduct discovery concerning the knowledge of either witness regarding the facts and allegations in this matter. And a continuance would not cure the prejudice, but would only further delay proceedings. Lastly, Defendant has offered, and cannot offer any valid reason for its delay. Accordingly, the court should grant the Commission's

---

[9] Exhibit A

[10] Ellen Graffeo (30(b)(6) Deposition, pp. 67:3-78:25, 6/6/2017, hereto attached as Exhibit G

Motion to Strike and Exclude Defendant Halliburton Energy Services, Inc.'s Second Supplemental Initial Disclosures.

Dated this the 16th day of October, 2017.

HARRIETT OPPENHEIM
Senior Trial Attorney
(MS Bar No. 103149)
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dr. A. H. McCoy Federal Building
100 W. Capitol Street, Suite 338
Jackson, Mississippi 39269
Tel.: (601) 948-8454
Fax: (601) 948-8401
harriett.oppenheim@eeoc.gov

Kurt Fischer
(ASB-9772-R72F)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, Alabama 35205
Phone: (205) 212-2043
kurt.fischer@eeoc.gov

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2017, I filed the foregoing Motion to Strike and Exclude Defendant Halliburton Energy Services, Inc.'s Second Supplemental Initial Disclosures with the Clerk of Court using the CM/ECF system which will electronically send notification of the filing to all attorneys of record:

> CHRISTINE S. KEENAN, T.A. (MS. #10756)
> JEREMY J. LANDRY (admitted *pro hac vice*)
> THE KULLMAN FIRM, PLC
> 4605 Bluebonnet Boulevard, Suite A
> Baton Rouge, Louisiana  70809
> Telephone: (225) 906-4250
> Facsimile: (225) 906-4230
> E-mail:  csk@kullmanlaw.com; jjl@kullmanlaw.com

> And

> TAYLOR B. SMITH, (MS. #7613)
> THE KULLMAN FIRM, PLC
> P.O. Box 827
> 119 3rd Street South, Suite 2
> Columbus, Mississippi 39701
> Telephone: (662) 244-8824
> Facsimile: (662) 244-8837
> E-mail: tbs@kullmanlaw.com
> ATTORNEYS FOR DEFENDANT

Dated this the 16th day of October, 2017.

HARRIETT OPPENHEIM
Senior Trial Attorney