IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        CASE ACTION NO. 3:16-cv-00233

        Plaintiff,

v.

        JUDGE REEVES

HALLIBURTON ENERGY SERVICES, INC.

        MAGISTRATE JUDGE BALL

        Defendant.

## ORDER

Through its <u>Motion For Leave To File Documents Under Seal</u>, Defendant requests that this Court seal certain parts of the exhibits that support its Motion for Summary Judgment (Doc. 77), as well as its Memorandum in Support of its Motion for Summary Judgment. Specifically, the Defendant requests that the Court seal the following documents, which have been separately provided to the Court by email:

- **Sealed Exhibit A** – A document that contains parts of Exhibit 1 to Defendant's Motion for Summary Judgment. Specifically, it contains Exhibits 15, 16 and 25 of Jason Anderson's Deposition. These exhibits contain Mr. Anderson's medical records.

- **Sealed Exhibit B** – A document that contains part of Exhibit 5 to Defendant's Motion for Summary Judgment. Specifically, it contains Exhibit 26 of the 30(b)(6) deposition of Defendant. Exhibit 26 contains medical information related to Mr. Anderson.

- **Sealed Exhibit C** – This document is Exhibit 7 to Defendant's Motion for Summary Judgment. Specifically, it contains excerpts from Dr. Robert Conte's deposition. This exhibit contains medical information and medical records related to Mr. Anderson.

- **Sealed Exhibit D** – This document is Exhibit 11 to Defendant's Motion for Summary Judgment. Specifically, it contains Dr. William Bunn's expert report. This exhibit

1

> contains medical information related to Mr. Anderson
>
> - **Sealed Exhibit E** – This document is the Defendant's Memorandum in Support of its Motion for Summary Judgment. This document has numerous references to medical information related to Mr. Anderson.

Defendant requests that these documents, **Sealed Exhibits A, B, C, D and E**, be filed under seal and be given "level 2" access under L.U.Civ.R 79(e)(3)(B)(2), which is a request that the documents "[b]e sealed from public access only, with CM/ECF access permitted to the litigants' counsel."

Defendant contends that sealing is necessary because the information is covered under the joint Protective Order, Doc. 26, and because Defendant seeks to protect the privacy of a non-party's medical information. Defendant further contends that "Level 2" access is the most appropriate because it affords the parties the opportunity to litigate this matter, without permitting the general public access to a non-party's private medical information, and that another procedure will not suffice because Defendant is unaware of any other procedure that will restrict public access, but also permit the parties to litigate this case efficiently.

Sealing these documents is permitted under the law. "Courts have recognized that there exists a common-law right to inspect and access certain court records." *Crest Audio, Inc. v. QSC Audio Prod., LLC*, No. 3:12-CV-755-CWR-FKB, 2014 WL 12639108, at *1 (S.D. Miss. May 28, 2014) (citing *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)). "This common-law rule establishes a presumption of public access to judicial records." *Id*. (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

However, "'the right to inspect and copy judicial records is not absolute,' and '[e]very court has supervisory power over its own records and files.'" *United States ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06CV433-HSO-RHW, 2014 WL 12713066, at *1 (S.D. Miss. Oct.

9, 2014) (quoting *Seals v. Herzing Inc.-New Orleans*, 482 Fed.Appx. 893, 896 (5th Cir. 2012) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). "'In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the interests favoring nondisclosure.'" *Id*. (quoting *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993)).

The documents sought to be sealed by Defendant contain medical information and medical records related to non-party, and former employee of Defendant, Jason Anderson. "The Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub.L. No. 104–191, 110 Stat.1936 (1996) (codified primarily in Titles 18, 26 and 42 of the United States Code) generally provides for confidentiality of medical records." *Woods v. Smith*, No. CIV.A. H-11-2485, 2013 WL 655731, at *7 (S.D. Tex. Feb. 20, 2013), *aff'd*, 554 F. App'x 332 (5th Cir. 2014) (citing 42 U.S.C. §§ 1320d–1 to d–7; *Acara v. Banks,* 470 F.3d 569, 571 (5th Cir.2006). Accordingly, Defendant has requested that the Court seal the documents in question. *See id*; *Bankston v. Grover Bros. Equip., Inc.*, No. 1:11CV117-HSO-JMR, 2012 WL 12883310, at *1 (S.D. Miss. June 14, 2012) (granting leave to file motions for summary judgment and *Daubert* motion under seal that were "replete with references to sensitive and private medical information and other information").

Given the sensitive and private nature of the documents sought to be sealed, Defendant also requests that the documents be sealed permanently.

HAVING CONSIDERED, the Defendant's <u>Motion For Leave To File Documents Under Seal</u>, and supporting authority, the Court is of the opinion that the Motion should be GRANTED.

IT IS HEREBY ORDERED, that the Defendant's <u>Motion</u> is hereby granted, and Sealed Exhibits A, B, C and D shall be filed under seal.

DONE and SIGNED, in Jackson, Mississippi on this the ____ day of _____, 2017.

>	_____
>	PRESIDING JUDGE