**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | **CASE ACTION NO. 3:16-cv-00233** |
| **Plaintiff,** | |
| v. | **JUDGE REEVES** |
| **HALLIBURTON ENERGY SERVICES, INC.** | **MAGISTRATE JUDGE BALL** |
| **Defendant.** | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AND EXCLUDE DEFENDANT'S SECOND SUPPLEMENTAL INITIAL DISCLOSURE WITNESSES**

NOW INTO COURT, through undersigned counsel, comes Defendant, Halliburton Energy Services, Inc. ("Halliburton" or "Defendant"), who respectfully submits this Memorandum in Support of its Opposition to the Plaintiff's Motion To Strike And Exclude Defendant's Second Supplemental Initial Disclosure Witnesses (Docs. 74, 75).

Defendant identified Andre Erasmus ("Erasmus") and James Kopecki ("Kopecki") as potential witnesses through its Second Supplemental Initial Disclosures on the last day of discovery. (Doc. 74-1, pp. 4, 8; 04/28/17 Text Order.) Plaintiff's motion seeks to prevent Defendant from using theses witnesses to supply evidence on any motion, at a hearing, or at the trial of this matter. (Docs. 74, 75.) Plaintiff, the U.S. Equal Employment Opportunity Commission ("Plaintiff" or the "Commission"), contends that these individuals, despite having been identified within the discovery period, were not disclosed in a timely manner in accordance with the Defendant's obligation to supplement discovery under Fed.R.Civ.P. 26(e)(1)(A), and that the Plaintiff will suffer harm as a result because it did not have an opportunity to depose

1

these individuals. Plaintiff's motion is flawed for several reasons and should be denied accordingly.

### I. Plaintiff's Motion Should Be Denied For Failing To Comply With Uniform Local Rule 37.

As an initial matter, the Commission failed to satisfy the requirements under L.U.Civ.R 37(a), which necessarily warrants dismissal under L.U.Civ.R 37(c). The Commission filed its motion pursuant to Fed.R.Civ.P. 37(c)(1), which concerns a party's failure to disclose or supplement discovery. Before a "discovery motion" may be served, L.U.Civ.R 37(a) requires that counsel from both parties confer to determine whether a resolution could be sought prior to court intervention. L.U.Civ.R 37(a). It also requires that a Good Faith Certificate be filed with the Court, which must specify, among other things, whether the motion is unopposed, and if opposed, the efforts sought by the parties to seek resolution with the Magistrate Judge. *Id*.[1]

Despite the Commission being aware of Defendant's disclosure for forty-eight (48) days before filing its motion, counsel for Defendant have not received any emails, correspondence or calls from the Commission's counsel to resolve this matter prior to the motion being filed. Further, the Commission has failed to file the required Good Faith Certificate. The Commission has not satisfied the requirements under L.U.Civ.R 37(a). Accordingly, the Commission's

---

[1] Local Rule 37(a) provides:

**Good Faith Certificate.** Before service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention. A Good Faith Certificate [Official Form No. 4] must be filed with all discovery motions. This certificate must specify whether the motion is unopposed, and if opposed, by which party(ies) and the method by which the matter has been submitted to the magistrate judge for resolution. The certificate must bear the signatures/endorsements of all counsel. If a party fails to cooperate in the attempt to resolve a discovery dispute or prepare the Good Faith Certificate, the filed motion must be accompanied by an affidavit or a 28 U.S.C. § 1746 declaration by the moving party detailing the lack of cooperation and requesting appropriate sanctions.

L.U.Civ.R 37(a).

failure must "result in a denial of the motion without prejudice to the party[.]" L.U.Civ.R.37(c).

### II. Plaintiff's Motion To Strike Should Be Denied Because It Fails On The Merits.

Even if the Court were to permit Plaintiff to bring its motion, despite not following the appropriate procedure, the Plaintiff's motion should be denied on the merits.

### a. Plaintiff's Motion To Strike Kopecki Should Be Denied Because The Defendant Did Not Fail To Timely Identify Him As A Witness.

The motion should be denied as to witness James Kopecki because Defendant timely supplemented its disclosure, and because Mr. Kopecki was clearly identified through discovery.

This is a breach of contract case involving whether Halliburton complied with a contractual provision that required it to "rehire the Charging Party [Jason Anderson]" upon his "successful completion" of a pre-employment screening. (Doc. 15-1, p. 2.) In connection with that provision, Defendant offered Anderson a position in Iraq, but he was later denied that position for failing to successfully complete his pre-employment screening. Thus, a critical issue in this case is whether there were jobs available to Mr. Anderson at Halliburton after he was denied the Iraq position.

On August 4, 2016, Defendant, through its initial disclosures, identified "[a]ny person identified as a potential witness by the Charging Party, Jason R. Anderson, in his deposition" as someone likely to have discoverable information under Fed.R.Civ.P. 26(a)(1)(A)(i). (Doc. 74-2, p. 9.) Then, on August 23, 2017, seven (7) days before the discovery deadline, Jason Anderson testified in his deposition that Halliburton employee "James Kopecky" was someone he spoke to about job availability at Halliburton after he had been denied the Iraq position. (*See* Jason Anderson's deposition, pp. 178-85 ("I was told . . . from James [Kopecky] that they had

3

openings in well control."), 190-91, 216 and 258-59.)[2] On August 29, 2017, six (6) days later, Defendant identified James Kopecki as a witness through its last supplemental initial disclosures, and stated that he "will have information relating to any conversations, or lack thereof, he may have had with Jason Anderson regarding job opportunities with Halliburton." (Doc. 74-1, p. 8.) Thus, it was Anderson's deposition that necessitated the disclosure of Kopecki as a witness.

Plaintiff contends that Defendant failed to timely identify James Kopecki in this lawsuit, and that his name was "not mentioned in any of the depositions." Doc. 75, p. 10. Plaintiff is clearly mistaken. Moreover, Fed.R.Civ.P. 26(e)(1)(A) provides that a party must supplement its initial disclosure "in a timely manner if the party learns that in some material respect the disclosure [] is incomplete or incorrect, *and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing*." Fed. R. Civ. P. 26(e)(1)(A) (emphasis added). Accordingly, Plaintiff's motion should be denied as to Mr. Kopecki.

      b. Plaintiff's Motion To Strike Should Be Denied Because The Timing Of The Witness Disclosures Is Harmless.

Plaintiff's motion also fails because the Defendant's disclosure of Erasmus and Kopecki on the last day of discovery is harmless under Fed.R.Civ.P. 37(c)(1). Rule 37(c)(1) provides "[i]f a party fails to [] identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that [] witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure [] is harmless. …" Fed. R. Civ. P. 37(c)(1). *See also*, *Klein v. Fed. Ins. Co.*, No. 7:03-CV-102-D, 2015 WL 1525109, at *3 (N.D. Tex. Apr. 6, 2015) ("'Rule 37(c)(1) . . . does not require witness preclusion for untimely disclosure if missing the deadline is harmless.'") (quoting *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 196 (4th Cir. 2003)).

---

[2] Relevant excerpts from Mr. Anderson's deposition are attached to Defendant's Opposition as Exhibit A.

To determine whether an untimely disclosure is "harmless" under Rule 37, the Court considers: (1) the explanation for the party's failure to disclose the evidence; (2) the potential prejudice in allowing the evidence; (3) the availability of a continuance to cure such prejudice; and (4) the importance of the evidence. *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009); *Dear v. Crown Castle S., LLC*, No. 3:13-CV-212-WHB-RHW, 2016 WL 7976039, at *4 (S.D. Miss. June 8, 2016) (citing *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996)). However, "[t]he court considers the four-factor test holistically[,]" and "does not mechanically count the number of factors that favor each side." *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2013 WL 81578, at *3 n7 (N.D. Tex. Jan. 8, 2013) (citations and internal quotes omitted). Indeed, a court is not required to rely on all factors to reach its decision. *See Reliance Ins. Co. v. Louisiana Land & Expl. Co.*, 110 F.3d 253, 257–58 (5th Cir. 1997).

Furthermore, "a district court has broad discretion in all discovery matters[.]" *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 220 (5th Cir. 2000) (citation and internal quotes omitted). *See also*, *Klein*, 2015 WL 1525109 at *3 ("'The district court has broad discretion in deciding whether a Rule 26(a) violation is substantially justified or harmless.'" (quoting *Sea Side Villas II Horizontal Prop. Regime v. Single Source Roofing Corp.,* 64 Fed. Appx. 367, 372 (4th Cir.2003) (citing *Mid–America Tablewares, Inc. v. Mogi Trading Co.,* 100 F.3d 1353, 1363 (7th Cir.1996)).

In the instant case, the second, third and fourth factors weigh in favor of denying the Plaintiff's motion.

With respect to the second factor, "the potential prejudice in allowing the evidence," the <u>motion should be denied on this factor alone</u> as any harm or prejudice that the Commission may have suffered is the result of its own doing.

The Commission's primary concern is that it will not have a chance to depose Erasmus and Kopecki since they were identified as potential witnesses on the last day of the discovery period. (Doc. 75, pp. 7, 8.) Yet, in the *forty-eight (48) day period* between the close of discovery when these witnesses were identified (Doc. 74-1), and the Commission's motion to strike (Doc. 74), the Commission has made no effort to resolve its concern.

Defendant finds this surprising given that the parties' have worked so well together throughout this litigation. (*See, e.g.* Docs. 12 (Plaintiff's unopposed motion for leave to amend complaint for second time); 25 (joint motion for protective order); 40 (Plaintiff's unopposed motion for extension of expert designation deadlines); 52 (joint motion for extension of deadlines and trial date); 61 (Defendant's unopposed motion for extension of deadlines). Indeed, the parties have already agreed to, and this Court has granted, the very type of relief that the Commission contends would have solved its problem – taking a deposition outside the discovery period. (*See* Doc. 70; 09/20/17 Text Order.) Specifically, on about August 23, 2017, the parties agreed that Defendant would take the deposition of Linda Walker, an employee of the Commission, outside the discovery period. (*See* Doc. 70, ¶¶7-10.) Defendant filed its unopposed motion to do so on September 14, 2017, which was swiftly granted by the Court on September 20, 2017. (Doc. 70; 09/20/17 Text Order.) Defendant had until October 6, 2017 to take Ms. Walker's deposition. (09/20/17 Text Order.) Ms. Walker's deposition was taken on October 4, 2017. (*See* Doc. 72.)

The Commission had a similar opportunity here, but failed to take it. Instead, the Commission waited 48 days, and two weeks before the dispositive motion deadline, before raising the issue for the first time through its motion to strike. Had the Commission sought to take these depositions outside the discovery period, Defendant would not have opposed those

6

efforts.

Under these circumstances, the Commission should not be permitted to sit idly by, and then, two weeks before the dispositive motion deadline, file its motion to strike against Defendant, particularly where the parties have worked so well together in addressing similar concerns, and where the Defendant has, in fact, identified the witnesses within the discovery period.  *See* L.U.Civ.R 26(a)(3) ("…The failure to take immediate action and seek court intervention when a known fact disclosure violation [] occurs will be considered by the court in determining the appropriate sanctions to be imposed regarding a subsequent motion filed under FED.R.CIV.P.37(c)."); L.U.Civ.R 26(a)(5) ("A party is under a duty to supplement disclosures at appropriate intervals under FED.R.CIV.P. 26(e) and *in no event later than the discovery deadline established by the case management order*.") (emphasis added).  *Cf. Walton v. Univ. of Mississippi*, No. 3:12CV24-D-A, 2013 WL 12180429, at *1 (N.D. Miss. May 17, 2013) (denying entry of evidence disclosed 30 days *after* the discovery deadline); *Pratt v. Pharmnet, Inc.*, No. CIV.A.3:04CV208DA, 2006 WL 2943296, at *4 (N.D. Miss. Oct. 13, 2006) (striking witness and exhibit disclosed five (5) months *after* discovery deadline).  Thus, based on the foregoing, the second factor weighs in favor of denying the Commission's motion.

Similarly, the third factor, "the availability of a continuance to cure such prejudice," also weighs in favor of denying the Plaintiff's motion.  The Commission argues that "[a] continuance would . . . result in additional delay, increase the expense incurred by all parties to this lawsuit, and require the expenditure of further Court resources."  (Doc. 75, p. 9.)  The Commission further argues that the prejudice it has suffered "cannot be cured by a continuance, because allowing the untimely disclosure would require the EEOC to depose these witnesses, would jeopardize the April [2], 2018 trial date, and increase the parties' costs."

The Commission's arguments are moot since the parties have sought to continue the trial in this matter to a date no earlier than June 4, 2018. (Doc. 76.) Moreover, any argument that reopening discovery would prohibitively increase the expense of the parties is dubious. Plaintiff could simply request leave to open discovery for the limited purpose of taking the depositions of Erasmus and Kopecki. Further, these depositions would likely be very short in duration given that Defendant has identified only one topic about which each witness has discoverable information. (*See* Doc. 74-1, pp. 5, 8.) Moreover, Defendant would not object to these depositions being taken remotely if the Plaintiff so desired. *See Hoffman*, 2013 WL 81578, at *1-3 (denying motion to strike after concluding that failure to disclose supplemental expert report before deadline was harmless under Fed.R.Civ.P. 37(c)(1) where a continuance could be granted).

Likewise, the Commission's argument that "a continuance would not deter such dilatory behavior in the future" falls flat. Indeed, this is not the sort of case where the non-moving party has repeatedly violated discovery deadlines. *See Bradley v. United States*, 866 F.2d 120, 127 (5th Cir. 1989) (excluding expert witnesses for missing five court deadlines); *Barrett*, 95 F.3d at 381-82 ("Appellants' repeated dilatory behavior even in the face of explicit warnings and the apparent inability of the experts to produce relevant opinions within the specified time frame renders hollow any claims of unfair prejudice."). *See also*, *Bradley*, 866 F.2d at 127 n11 ("[W]e emphasize that our holding is not to be interpreted as meaning that exclusion of witnesses or evidence has supplanted continuance as the preferred means of dealing with a party's attempt to designate a witness out of time or offer new evidence."). Defendant has not missed any deadlines in this case. Thus, based on the foregoing, the third factor weighs in favor of denying the Commission's motion.

Finally, the fourth factor, "the importance of the evidence," weighs in favor of denying the Commission's motion. Both Erasmus and Kopecki have information regarding matters that are material to this case. Erasmus "has information regarding the medical services available to Halliburton employees in Iraq." (Doc. 74-1, p. 5.) A central question in this case is whether Halliburton breached its contractual obligation to hire Anderson by failing to adequately perform a pre-employment screening for Anderson to work in Iraq, which includes an assessment regarding the availability of medical care for Anderson's medical condition. Similarly, Kopecki "will have information relating to any conversations, or lack thereof, he may have had with Jason Anderson regarding job opportunities with Halliburton." (Doc. 74-1, p. 8.) As noted above, a central question in this case is whether there were jobs available to Anderson at Halliburton after he was denied a position in Iraq. Clearly, these witnesses are important. Moreover, the importance of these witnesses is corroborated by the fact that the Commission filed a motion to strike in the first place. *See Klein*, 2015 WL 1525109 at *4 ("The importance of Staph's declaration is corroborated by Federal's motion to strike this evidence. It is reasonable to assume that Federal would not have moved to strike proof that it deemed unimportant or inconsequential to the merits of the litigation."). Accordingly, the fourth factor weighs in favor of denying the Commission's motion.

Based on the foregoing, and viewing the factors holistically, the Defendant's disclosure of Erasmus and Kopecki on the last day of discovery is harmless under Fed.R.Civ.P. 37(c)(1). Accordingly, the Commission's motion to strike should be denied.

### III. Should The Court Grant Plaintiff's Motion, It Should Be Limited To The Witnesses, And Defendant Reserves Its Right To Use The Witnesses For Impeachment Purposes.

In its motion, the Plaintiff argues for the exclusion of two witnesses identified in

Defendant's last supplemental disclosures. At times, however, the Plaintiff's motion is couched in terms of seeking to strike the entirety of Defendant's last supplemental disclosures. (*See* Doc. 74, p. 2 ("the Commission" requests that the Court "grant the Commission's Motion to Strike and Exclude Defendant Halliburton Energy Services, Inc.'s Second Supplemental Initial Disclosures."); Doc. 75, p. 2 ("Defendant's Supplemental Disclosures . . . should be stricken"), 12, 13.) Defendant presumes this to be a mistake, but out of an abundance of caution, contends that any such request should be rejected since the Plaintiff has offered no basis for the exclusion of any evidence except as it relates to Erasmus and Kopecki, which Defendant opposes as set forth above. Further, should the Court grant Plaintiff's Motion, the Defendant hereby reserves its right to use Erasmus and Kopecki for impeachment purposes.

## **CONCLUSION**

In sum, the Commission's motion to strike witnesses Erasmus and Kopecki should be denied for several reasons. First, the Commission failed to satisfy the requirements under L.U.Civ.R 37(a), which necessarily warrants dismissal under L.U.Civ.R 37(c). Alternatively, the motion should be denied on its merits. First, witness Kopecki was identified in accordance with Fed.R.Civ.P. 26(e)(1)(A). Thus, the motion should be dismissed as to him. Second, as to both witnesses, Plaintiff's motion fails because the Defendant's disclosure of Erasmus and Kopecki on the last day of discovery is harmless under Fed.R.Civ.P. 37(c)(1). This disclosure is harmless because: any harm or prejudice that the Commission may have suffered is the result of its own doing; the parties have sought a trial continuance in this case, which will give the Plaintiff an opportunity to cure any alleged prejudice; and the testimony the Plaintiff seeks to exclude is important to this case. For these reasons, Plaintiff's motion should be denied.

Respectfully submitted on this 30th day of October, 2017,

*s/Christine S. Keenan*
CHRISTINE S. KEENAN, T.A. (MS. #10756)
JEREMY J. LANDRY (admitted *pro hac vice*)
THE KULLMAN FIRM, PLC
4605 Bluebonnet Boulevard, Suite A
Baton Rouge, Louisiana   70809
Telephone: (225) 906-4250
Facsimile: (225) 906-4230
E-mail:  csk@kullmanlaw.com

And

TAYLOR B. SMITH, (MS. #7613)
THE KULLMAN FIRM, PLC
P.O. Box 827
119 3rd Street South, Suite 2
Columbus, Mississippi 39701
Telephone: (662) 244-8824
Facsimile: (662) 244-8837
E-mail:  tbs@kullmanlaw.com

COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2017, a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic filing system.

*s/Christine S. Keenan*
Christine S. Keenan