IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION                                                                                                          PLAINTIFF

v.                                                                                   CASE NO. 3:16-CV-233-CWR-FKB

HALLIBURTON ENERGY SERVICES, INC. and
BOOTS & COOTS, LLC                                                                                         DEFENDANTS

**ORDER DENYING LEAVE TO FILE SUR-REPLY**

Before the Court is Defendant Halliburton Energy Service, Inc.'s ("Halliburton") Motion for Leave to File Sur-Reply [86]. The Court, after having reviewed the parties' briefs and argument, finds that the motion should be denied.

L.U.Civ.R. 7(b) does not contemplate a respondent having an opportunity to file a sur-reply. As a general rule, courts permit the filing of sur-rebuttals in cases in which new arguments, i.e. an argument that was not raised in an initial motion or supporting memorandum, are raised for the first time in rebuttal. *See e.g. Khoury v. Meserve*, 268 F.Supp.2d 600, 605 (D. Md. 2003)(holding that sur-rebuttals "may be permitted ... to contest matters presented to the court for the first time in the opposing party's reply."); *Louis v. Martinez*, 2011 WL 488730, at *1 n.3 (N.D. W. Va. Feb. 7, 2011)(explaining that a sur-rebuttal "is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief.").

Halliburton contends that EEOC's reply contains arguments not raised in the original motion to strike. [86] at 1. Halliburton specifically claims that EEOC has improperly raised for the first time the argument "that Kopecki should be stricken, not because he was disclosed on the last day of discovery, but because 'Halliburton has known of Kopecki's knowledge surrounding this case since the Commission's filing of this claim' and is using evasive discovery tactics." [87] at 2. However, the

Court finds that the contention in the EEOC's rebuttal cited by Halliburton was not a new argument, but was instead a factual rebuttal by the EEOC to a claim made by Halliburton in its Response in Opposition. *Compare* [84] at 3 *with* [82] at 3-4. Accordingly, the Court finds that Halliburton has not demonstrated that leave to file a sur-reply is warranted.

    IT IS THEREFORE ORDERED that Defendant's Motion for Leave to File Sur-Reply [86] is DENIED.

    So Ordered this the 22nd day of December, 2017.

    /s/ F. Keith Ball  
    UNITED STATES MAGISTRATE JUDGE