

No. 3:16-CV-00233-CWR-FKB

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

*Plaintiff,*

v.

HALLIBURTON ENERGY SERVICES,
*et al.*

*Defendants.*

ORDER SEALING CERTAIN DOCUMENTS

Before CARLTON W. REEVES, *District Judge*.

This case began when Jason Anderson filed a discrimination action with the Equal Employment Opportunity Commission against Halliburton. Halliburton then agreed to mediate with Anderson through the Commission's alternative dispute resolution program. Mediation led to a settlement agreement, in which Halliburton agreed to "rehire [Anderson] as a Project-

Specialist Safeguard III; BC503-ESG or comparable position based on [the] successful completion of pre-employment screening."[1] Two years after the agreement was signed, the Commission filed this suit, alleging that Halliburton violated the agreement by refusing to hire Anderson.[2]

After the close of discovery, Halliburton moved for summary judgment. Halliburton submitted documents in support of that motion, and has asked the Court to place some under seal. The Commission has made a similar request regarding documents submitted in opposition to Halliburton's motion.

Citizens have a common law right to view public documents, including those submitted to a court.[3] This is an important right, as citizen inspection of court records can uncover abuses of the judicial system.[4] For this reason, courts in the Southern District of Mississippi require "clear and compelling reasons" to shield a document from public view.[5]

Halliburton asks that certain documents be sealed because they contain Anderson's sensitive medical information.[6] In the Southern District, this is a clear and compelling reason to

---

[1] *Mediation Settlement Agreement*, Docket No. 15-1.

[2] *Amended Complaint*, Docket No. 15.

[3] *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).

[4] *See United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010) (citation omitted).

[5] L.U. Civ. R. 79(b); *see also United States v. Apothetech RX Specialty Pharmacy Corp.*, No. 3:15-CV-00588-CWR-FKB, 2017 WL 1100818, at *1 (S.D. Miss. Mar. 20, 2017) (Reeves, J.).

[6] Halliburton's argument that Anderson is a "non-party" is not quite accurate. Although Anderson is not a formal party, the Commission is pursuing this action on his behalf. He is the direct and sole beneficiary of the action. For all practical purposes, Anderson will be treated as a party.

2

seal documents.[7] As Halliburton has taken great care to designate only relevant portions of its exhibits for sealing, the relevant documents – parts of Exhibits 1, 5, 7, and 11 attached to its motion for summary judgment – will be "sealed from public access only, with CM/ECF access permitted to the litigants' counsel."[8]

Halliburton's request to seal its entire memorandum in support of its motion is another matter. Halliburton has yet to "fil[e a] properly redacted versio[n]" of that memo in the docket, a step courts in the Southern District typically require before sealing an unredacted pleading.[9] Halliburton's motion to seal its memo is DENIED without prejudice to its refiling.

The Commission says that *all* the documents it submitted in opposition to Halliburton's motion should be sealed, as they "include Mr. Anderson's personal information, such as his home address, date of birth, and medical information."[10] This is a curious assertion, as many of the referenced documents contain little or no reference to Anderson, let alone any sensitive information about him. For example, one document is merely screenshots of a public webpage.[11] Furthermore, unlike Halliburton, the Commission moved to seal documents

---

[7] *See Bankston v. Grover Bros. Equip., Inc.*, No. 1:11-CV-117-HSO-JMR, 2012 WL 12883310, at *1 (S.D. Miss. June 14, 2012); *accord Equal Employment Opportunity Comm'n v. Faurecia Auto. Seating, LLC*, No. 4:16-CV-00199-DMB-JMV, 2017 WL 564051, at *1 (N.D. Miss. Feb. 10, 2017).

[8] L.U. Civ. R 79(e)(3)(B)(2).

[9] *See Bankston*, 2012 WL 12883310, at *1.

[10] *Memorandum in Support re: Motion to Seal Document,* Docket No. 91.

[11] *See Exhibit T – International SOS Iraq Webpage*, Docket No. 88-20.

*after* placing them on the Court's docket. Such prior placement of documents in the public view suggests that the reasons for shielding them are neither clear nor compelling.

In short, the Commission has not requested a surgical sealing that carefully balances the public's right to inspect documents against Anderson's right to privacy. Instead, it has simply asked to seal every document related to its opposition to Halliburton's motion for summary judgment. Granting the Commission's request would bar the public from seeing *any* of its opposition to Halliburton's motion. Such privacy is appropriate for private arbitration, not public adjudication – particularly given that "the documents sought to be sealed are exhibits to a dispositive motion," which means that "the weight afforded to the public's common-law right of access is necessarily greater."[12]

The Court will not scrutinize every one of the Commission's exhibits to determine which portions may require sealing. If the Commission believes that there are interests strong enough to justify removing currently public documents from the Court's docket, it may file a motion explaining those interests in detail. The Commission's motion to seal is DENIED in its entirety, without prejudice to its refiling.

SO ORDERED, this the 17th day of May, 2018.

s/ CARLTON W. REEVES
*United States District Judge*

---

[12] *See BG v. Banks*, No. 4:16-CV-64-DMB-JMV, 2016 WL 7480402, at *1 (N.D. Miss. Dec. 29, 2016) (*citing U. S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1312 & n. 11 (11th Cir. 2001) (collecting cases).