IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | )<br>)<br>) |
| Plaintiff, | )  CIVIL ACTION NO.<br>)<br>)  3:16-cv-0233-CWR-FKB |
| v. | )<br>)<br>)<br>) |
| HALLIBURTON ENERGY SERVICES, INC. | ) |
| Defendants. | ) |

## CONSENT DECREE

Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed a lawsuit against Halliburton Energy Services, Inc. (hereinafter "Defendant" or "Halliburton") pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3), as well as Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The Commission's Complaint alleges that Halliburton breached a Mediation Settlement Agreement (Doc. 15-1) regarding the settlement of EEOC Charge No. 423-2014-00010 that Defendant, the Commission, and Charging Party Jason Anderson signed.

The Commission and the Defendant hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

Defendant denies that it in any way breached the Mediation Settlement Agreement. Nevertheless, the parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

1

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties to and the subject matter of this action, (ii) this Consent Decree is intended to and does resolve all matters in controversy in this lawsuit among the parties, and (iii) the terms of this Consent Decree constitute a fair and equitable settlement of all issues in this lawsuit.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

1. This Consent Decree, being entered with the consent of the parties for purposes of settlement, shall not constitute an adjudication on the merits of this lawsuit and shall not be construed as an admission by Defendant of any breach of or liability in connection with the Mediation Settlement Agreement.

2. Within thirty (30) days of the entry of this Decree, Defendant Halliburton shall forward to Jason Anderson:

    a. A check in the amount of $280,000.00, less any deductions for the employee's portion of applicable federal and state income tax withholdings;

    b. The payment to Jason Anderson shall be mailed directly to his home address by certified mail;

    c. A statement itemizing the deductions made from the gross sum referenced above; and

    d. Defendant will provide Jason Anderson with a positive employment reference. The reference shall further verify his dates of employment and will not comment on Jason Anderson's eligibility for rehire. Defendant will provide Jason Anderson with a signed copy of the written reference attached as Exhibit "A", signed and printed

      on Defendant's letterhead, within thirty (30) calendar days after the date of this Decree.

3. Within forty-five (45) days of the entry of this Decree, Defendant shall forward copies of the check with the statement of deductions, referenced in paragraph 2 above, to the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

4. This Consent Decree constitutes the complete agreement between the EEOC and Halliburton with respect to the matters referenced herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing, approved by all parties to this Consent Decree and approved or ordered by the Court.

5. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

6. Each party shall bear its own costs.

**IT IS SO ORDERED THIS THE** _____ **day of** _____ **, 2018.**

                                                                             UNITED STATES DISTRICT JUDGE

For **PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**:

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M. Street NE
Washington, D.C. 20507

MARSHA L. RUCKER,
Regional Attorney

Gerald L. Miller
Supervisory Trial Attorney

Harriett Oppenheim
Senior Trial Attorney/Lead Counsel

Gina Pearson
Trial Attorney

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Birmingham District Office
1130 22nd Street South Suite 2000.
Birmingham, Alabama 35205
Phone: (205) 212-2045
Fax: (205) 212-2041


For **DEFENDANT HALLIBURTON ENERGY SERVICES, INC.**

CHRISTINE S. KEENAN, T.A. (MS #10756)
THE KULLMAN FIRM, PLC
4605 Bluebonnet Boulevard, Suite A
Baton Rouge, Louisiana 70809

TAYLOR B. SMITH, (MS #7613)
THE KULLMAN FIRM, PLC
P.O. Box 827
119 3rd Street South, Suite 2
Columbus, Mississippi 39701

<u>James W. Ferguson</u>  <u>Sr. VP</u>
(Print Name)  (Print Title)

_____
(Signature),
As Corporate Representative of Defendant, Halliburton Energy Services, Inc.

# EXHIBIT – A

Jun 26, 2018

To Whom It May Concern:

Halliburton Energy Services, Inc. employed Jason Anderson as a Project Specialist-Safeguard II, Firefighting HSE Supervisor in Libya from 2010 until March 2011, when he was terminated due to a reduction-in-force. During his employment with Halliburton, Anderson satisfactorily performed his job duties.

Sincerely,